UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:13-cr-530-CEH-MRM

IRGUIS JOSE FONTALVO-
PELAEZ
_____/

### ORDER

This matter comes before the Court on Defendant Irguis Jose Fontalvo-Pelaez's *pro se* request for a reduction in his sentence, which the Court construes as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 222), filed on August 29, 2022. In the motion, Defendant explains the circumstances that resulted in his getting involved with the drug trafficking organization and expresses remorse for his decisions. He seeks a reduction in his sentence to be able to return to care for his family. Because Defendant has failed to demonstrate he has exhausted his administrative remedies, the Court does not need a response from the Government in order to rule on the motion. The Court, having considered the motion and being fully advised in the premises, will deny without prejudice Defendant's construed Motion for Compassionate Release.

### BACKGROUND

On January 29, 2020, Defendant, Irguis Jose Fontalvo-Pelaez, pleaded guilty in open court to Count Two of the Indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel

subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b). Docs. 194, 195. On May 26, 2020, the Court entered a judgment adjudicating Defendant guilty and sentencing him to a term of imprisonment of 188 months, followed by a 60-month period of supervised release and other conditions. Doc. 215. Defendant, who is currently 46 years old, is incarcerated at Forrest City Low FCI with an expected release date of May 21, 2030. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed Oct. 18, 2022).

## DISCUSSION

Defendant seeks a reduction in his sentence to return to care for his family in Columbia. Doc. 222 at 2–3. He states his children have suffered psychologically since he's been gone. He expresses regret and asserts he has changed his ways.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

3

Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

A defendant seeking a reduction in his sentence under this statute must first exhaust his administrative remedies by making a request to the warden of defendant's facility. 18 U.S.C. § 3582(c)(1)(A). Defendant has provided no proof that such a request was made here, nor has he otherwise alleged or demonstrated that he has satisfied administrative exhaustion. Failure to exhaust administrative remedies within the Bureau of Prisons is fatal to a defendant's motion for compassionate release. *United*

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

*States v. Raia*, 954 F. 3d 594, 597 (3rd Cir. 2020) (per curiam) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). Accordingly, the motion is due to be denied.[2] It is hereby

**ORDERED**:

1. Defendant's construed Motion for Compassionate Release (Doc. 222) is **DENIED without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties

---

[2] Notwithstanding Defendant's failure to satisfy administrative exhaustion, the Court further notes that Defendant's motion fails to identify any legal basis to support a reduction in his sentence under § 3582(c).